

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EVELYN BENDERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 04 C 7326 ) |
| BELLOWS AND BELLOWS, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Bellows and Bellows' ("Bellows") partial motion to dismiss Count III based upon preemption and motion to dismiss Count III based upon Federal Rule of Civil Procedure 12(b)(6)("Rule 12(b)(6)"). This matter is also before the court on Bellows' motion to strike the request for punitive damages in Count III and to strike the jury demand in Count II. For the reasons stated below, we grant the motion to dismiss based upon preemption, and we deny the motion to dismiss based upon Rule 12(b)(6). We also deny the motion to strike portions of Count III and deny the motion to strike the jury demand in Count II.

1

## BACKGROUND

Plaintiff Evelyn Benders ("Benders"), who describes herself as "an African-American female," alleges that she began working for Bellows in 1996 as a legal administrator. (Compl. Par. 3, 5). Benders contends that in July of 2003, she was demoted and replaced by a younger white female. Benders acknowledges that her salary was not reduced at that time. Benders alleges that in May of 2003, Joel Bellows, the owner and president of Bellows told her to start looking for another job, but that she could keep working for Bellows until she found another satisfactory job.

Benders alleges that on February 17, 2004, she filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging that she was discriminated against because of her race and sex. Benders claims that after she filed the EEOC charge, Joel Bellows became hostile towards her and made her working conditions "increasingly difficult." (Compl. Par. 7). Benders claims that on April 12, 2004, she had a conversation with Joel Bellows during which he referred to her charge as an "awful EEOC charge." (Compl. Par. 8).

Benders also claims to have had a romantic relationship with Joel Bellows from 1997 to 2002 and Benders claims that, during the relationship, Joel Bellows gave Benders monetary gifts in the form of company checks. Benders claims that after her alleged relationship with Joel Bellows ended in 2002, she was concerned because the records of the checks kept at Bellows would indicate that she owed the monies to Bellows. Benders alleges that Joel Bellows assured her that the monies

2

were all gifts and that no one would seek compensation on behalf of Bellows. Benders claims that to assuage her concerns Joel Bellows gave her a handwritten note absolving her of all debts to Bellows.

Benders also alleges that in 2004 she reviewed her tax income statement of her earnings for Bellows and the monies allegedly received from Joel Bellows during the romantic relationship as gifts were reflected on the tax form as earnings. Benders also claims that she was improperly designated on the form as an independent contractor. Benders claims that she complained to Joel Bellows about the alleged improprieties and inaccuracies on her tax income statement. Finally, Benders alleges that on April 20, 2004, Joel Bellows told her she was causing too many problems and terminated her employment. Benders brought the instant action and her complaint includes a claim alleging retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"),42 U.S.C. § 2000e *et seq.* (Count I), a claim alleging a violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* (Count II), and a state retaliatory discharge claim (Count III). Bellows has moved to dismiss Count III, strike a portion of Count III, and strike the jury demand in Count II.

## LEGAL STANDARD

In ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff,

construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *See also Baker v. Kingsley*, 387 F.3d 649, 664 (7th Cir. 2004)(stating that although the "plaintiffs' allegations provide[d] little detail. . . [the court could not] say at [that] early stage in the litigation that plaintiffs [could] prove no set of facts in support of their claim that would entitle them to relief."). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 445-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a "cause of action. . . .'" *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that a "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later."). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at

455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251.

Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss an action when it lacks subject matter jurisdiction. *United Phosphorus, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003). If the concern of the court or party challenging subject matter jurisdiction is that "subject matter jurisdiction is not evident on the face of the complaint, the motion to dismiss pursuant to Rule 12(b)(1) would be analyzed as any other motion to dismiss, by assuming for purposes of the motion that the allegations in the complaint are true." *Id.; see also Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995)(stating that when reviewing a motion to dismiss brought under Rule 12(b)(1), this court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff."). However, if the complaint appears on its face to indicate that the court has subject matter jurisdiction, "but the contention is that there is *in fact* no subject matter jurisdiction, the movant may use affidavits and other material to support the motion." *Id.* For the purpose of determining subject matter jurisdiction, this court "may properly look beyond the jurisdictional allegations of the complaint and view

whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Ezekiel*, 66 F.3d at 897 (quoting *Capitol Leasing Co. v. Federal Deposit Insurance Corp.*, 999 F.2d 188, 191 (7th Cir. 1993)). The burden of proof in regards to a Rule 12(b)(1) motion is "on the party asserting jurisdiction." *United Phosphorus, Ltd.*, 322 F.3d at 946.

## DISCUSSION

Bellows moves to strike Benders' jury demand as to the ERISA claim (Count II). Benders states that she "does not oppose Defendant's motion to strike Plaintiffs' jury demand as it pertains to Count II" and she "thereby withdraws her jury demand as to Count II only." (Ans. 3). Therefore, Bellows' motion to strike the jury demand in Count II is denied as moot.

Bellows also moves for a dismissal of the retaliatory discharge claim (Count III). Bellows argues that a portion of the retaliatory discharge claim is preempted by ERISA and that even if it is not preempted Bender has failed to state a claim for retaliatory discharge.

### I. ERISA Preemption

Bellows argues that a portion of the retaliatory discharge claim is preempted by 29 U.S.C. § 1144(a) which provides that ERISA "shall supercede any and all State laws insofar as they now or hereafter relate to any employee benefit plan. . . ."

6

29 U.S.C. § 1144(a). Bellows points out that Benders incorporates into her retaliatory discharge claim all of the facts alleged in support of her ERISA claim. Bellows argues that the allegations in the retaliatory discharge claims are identical or at least sufficiently related to the ERISA claim, and that ERISA would preempt the retaliatory discharge claim to the extent that it is connected to the employee benefits plan at Bellows. We agree and to the extent that the retaliatory discharge claim is related to the employee benefit plan at Bellows or includes a request for relief from the plan, the retaliatory discharge claim is preempted by ERISA.

Benders argues that aside from any reference to the employee benefit plan at Bellows, Benders specifically alleges in her complaint in the retaliatory discharge count that she was discharged by Bellows because she complained about the illegal designation of her as an independent contractor and the alleged fraudulent reporting of the monies given to her as gifts on her IRS Form 1099. Bellows has not shown how Benders' complaint about the reporting of the gift monies on the IRS Form 1099 is related to the employee benefits plan at Bellows and therefore the claim is not preempted. However, in regards to the designation of Benders as an independent contractor, to the extent that Benders alleges that the designation was done in order to allow Bellows to avoid making payments on her behalf into the plan at Bellows, the claim is preempted by ERISA. Bellows also moves to strike the request for punitive damages in Count III to the extent that the claim is based upon ERISA. Since we have ruled that such portion of Count III is preempted, Bellows' motion to

strike is denied as moot.

## II. Failure to State a Retaliatory Discharge Claim

Bellows argues that, in addition to the partial ERISA preemption of the retaliatory discharge claim, Benders fails to state a valid retaliatory discharge claim. For a retaliatory discharge claim under Illinois law a plaintiff must establish: "(1) that she had been discharged; (2) that her discharge was in retaliation for her activities; and (3) that her discharge violated a clearly mandated public policy of the state of Illinois." *Arres v. IMI Cornelius Remcor, Inc.*, 333 F.3d 812, 813 (7th Cir.2003)(citing *Hinthorn v. Roland's of Bloomington, Inc.*, 519 N.E.2d 909, 911 (Ill.1988)); *see also Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 707-08 (7th Cir.2004)(stating that for a retaliatory discharge claim under Illinois law a plaintiff must allege "that she was (1) discharged; (2) in retaliation for her activities; and (3) that the discharge violates a clear mandate of public policy.")(citing *Zimmerman v. Buchheit of Sparta, Inc.*, 645 N.E.2d 877, 880 (Ill. 1994)). However, the Supreme Court of Illinois has made it clear the scope of the tort of retaliatory discharge is narrowly defined. *Price v. Carmack Datsun, Inc.*, 485 N.E.2d 359, 360-61 (Ill. 1985). Generally, under Illinois an employer has no limitations upon termination the employment of an at will employee. *Id.* A "cause of action for retaliatory discharge" exists "only when the employee's discharge is in violation of a 'clearly mandated public policy.'" *Id.* Matters of public policy are matters "that concern[]

8

what is right and just and what affect[] the citizens of the State collectively." *Id.* The Supreme Court has made it clear that the matters that are the subject of the retaliatory discharge claim must "strike at the heart of a citizen's social rights, duties, and responsibilities before the tort will be allowed." *Id.*; *see also Geary v. Telular Corp.*, 793 N.E.2d 128, 133-34 (Ill. App. Ct. 2003)(stating that the "[t]he tort of retaliatory discharge is a limited and narrow exception to the general rule that an at-will employee is terminable at any time for any or no cause," that "Illinois courts have applied the tort of retaliatory discharge in only two situations" and that "[o]ther than these two circumstances, however, Illinois courts consistently have refused to expand the tort to encompass a private and individual grievance.").

First of all, Bellows improperly relies upon the Illinois pleading standard in making its argument that Benders has not alleged facts to match up with all of the elements of a retaliatory discharge action. *Sanjuan*, 40 F.3d at 251. Secondly, if an individual commits tax fraud, the individual's conduct "strike[s] at the heart of a citizen's social rights, duties, and responsibilities" and would be a violation of "clearly mandated public policy." *Price.*, 485 N.E.2d at 360-61; *Arres,* 333 F.3d at 813. An individual that defrauds the government of lawful taxes, commits fraud on the entire public that pays its fair share of the taxes.

Bellows argues that Benders only complained about her tax statement because of its affect upon her "own financial interests" and not because of her concerns that Bellows was violating federal tax laws and committing a fraud upon the government.

(Reply 7). However, in making such an argument, Bellows is not allowing for all inferences in Benders' favor as is required for a motion to dismiss and Bellows is looking beyond the allegations in the complaint. *Thompson*, 300 F.3d at 753. In the complaint, Benders merely states that she objected to the inclusion of the gift monies on the statement and her designation as an independent contractor. (Compl. Par. 33). Whether or not Benders' motivations behind her complaints about the irregularities in Bellows' tax filings were related to Bellows' alleged violations of the tax laws and the fraud upon the government involves a factual inquiry beyond the scope of the complaint and such an issue cannot be addressed at this juncture. *See Conley*, 355 U.S. at 45-46 (stating that the allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."). Therefore, based upon all of the above analysis, we grant Bellows' motion to dismiss a portion of the retaliatory discharge claim based upon ERISA preemption and deny Bellows' motion to dismiss the entire retaliatory discharge claim based upon Rule 12(b)(6).

## CONCLUSION

Based on the foregoing analysis, we grant Bellows' motion to dismiss the retaliatory discharge claim (Count III) to the extent that it is related to the employee benefits plan at Bellows. We deny Bellows' motion to strike the request for punitive

damages related to the ERISA claim as moot. We deny Bellows' Rule 12(b)(6) motion to dismiss the retaliatory discharge claim (Count III). We also deny Bellows' motion to strike the jury demand for the ERISA claim (Count II) as moot since Benders has withdrawn the motion.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 5, 2005