UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EVELYN BENDERS, | ) |
|        Plaintiff, | ) |
|     v. | ) No. 04 C 7326 |
| BELLOWS & BELLOWS | ) Judge Der-Yeghiayan |
|        Defendant. | ) |

**PLAINTIFF'S MOTION IN LIMINE TO BAR ALLEGED
PRIOR ACTS OF PLAINTIFF**

NOW COMES the Plaintiff, Evelyn Benders, by and through her attorneys, The Law Offices of Eugene K. Hollander, and for her Motion in Limine to Bar Alleged Prior Bad Acts of Plaintiff, and in support thereof, states as follows:

1. During the discovery phase of this case, Defendant offered testimony or evidence concerning various alleged prior bad acts of the Plaintiff.

**A.  Plaintiff's Alleged Marijuana Usage.**

2. For instance, Joel Bellows testified that he knew that Plaintiff allegedly smoked marijuana. **Exhibit 1** at 181. To establish admissibility, Defendant must meet a four-part test by showing: (1) the evidence of Ms. Benders's drug use is relevant to a disputed issue; (2) her drug use is similar enough, and close enough in time, to be relevant to a performance issue; (3) the evidence is probative; and (4) the prejudicial effect of the evidence must not substantially outweigh its probative value. *See* Mathis v. Phillips Chevrolet, Inc., 269 F.3d 771, 776 (7th Cir. 2001). These speculative assumptions preclude Defendant from building a logical connection between Ms. Benders's alleged drug use and her purported performance issues. *See* Chesler v. Trinity

1

Indus., Inc., 2002 U.S. Dist. LEXIS 14559 (N.D. Ill. Aug. 8, 2002) ("evidence [of illegal drug use] is too remote . . . to be relevant to the issues").  Absent relevancy, evidence of Ms. Benders alleged drug use is inadmissible. *See*, Santiago v. Furniture Chauffeurs, Piano Movers, Packers, & Handlers Local 705, 2001 U.S. Dist. LEXIS 44 (N.D. Ill. Jan. 4, 2001) (Kennelly, J.) (excluding evidence of prior bad acts for lack of probative value).  Even if relevant, any arguable probative value of Plaintiff's alleged drug use is substantially outweighed by the danger of unfair prejudice. Mankey v. Bennett, 38 F.3d 353, 360 (7th Cir. 1994); Buffone v. Rosebud Rests., Inc., 2006 U.S. Dist. LEXIS 58994 (Conlon, S.), *see also* Fed. R. Evid. 403.  Additionally, admission of this evidence is inadmissible character evidence.  Fed. R. Evid. 404(a), (b).

**B.     Plaintiff's Alleged Performance Deficiencies.**

3.     During the course of discovery, Joel Bellows testified that Plaintiff, who was in charge of billing, allegedly "lost" 1400 hours when a new timekeeping system was implemented.  Mr. Bellows could not recall a date when this allegedly happened, and testified in response to when it occurred, "can't even tell you a year." Id. at 103.  Mr. Bellows then guessed that it may have occurred in 2002 or 2003, but he was not sure. Id.  Mr. Bellows, the sole decisionmaker in this case, testified that he began to see Plaintiff in a different light beginning in January, 2003. Id. at 57.  Plaintiff strenuously disputes that her performance declined at all, but acknowledges that Defendant may attempt to introduce evidence relating to Plaintiff's purported decline from January, 2003 up until her unlawful termination on April 20, 2004.  The evidence, which either pre-dates January, 2003 or lacks foundation, is not relevant and is also prejudicial.

2

4. Similarly, any other evidence, which if offered by Defendant and purportedly relates to alleged poor performance before January, 2003, or is without foundation as to when it occurred, is not relevant to the issues before the Court and is inadmissible. Fed. R. Evid. 401.

4. Further, to the extent that this evidence has any probative value, it should nonetheless be barred under Fed. R. Evid. 403. Plaintiff was employed by Defendant for over eight years. Admission of any testimony from Joel Bellows or other employees of Defendant regarding alleged misdeeds of the Plaintiff over the lengthy course of her employment would be prejudicial and would substantially outweigh any purported probative value of this evidence. Id. Further, the evidence would likely confuse the jury, prolong this highly contentious matter, and be a waste of time. Id.

5. Therefore, it is respectfully requested that the Defendant be precluded from using any pleadings, testimony, remarks, innuendo, questions or arguments, which might inform the jury of Plaintiff's alleged marijuana usage and her other alleged performance deficiencies which pre-date January, 2003 or otherwise lack foundation. Were any of the above facts made known to the jury, it would be highly improper and prejudicial to the Plaintiff, even if the Court were to sustain an objection and instruct a jury not to consider such facts for any purpose. Even if the Court were to sustain such an objection, there is every likelihood that the minds of jurors would be improperly influenced.

6. The granting of the instant Motion in Limine would avoid the hazard of prejudice, and it would eliminate the possibility of a mistrial resulting from a reference to improper material during the trial of this cause. Moreover, the granting of this Motion

3

would serve to inform counsel in advance of the trial concerning the proper limits of admissible evidence, with consequent savings of time and effort of the Court and of the parties in advance of the trial and in the trial itself. Further, it would serve to clarify and simplify the issues for the jury.

      **WHEREFORE**, the Plaintiff, EVELYN BENDERS, respectfully requests that the Court bar the admission of this evidence at trial.

      Respectfully submitted,

      **EVELYN BENDERS,**
      Plaintiff,

By:    s/ Eugene K. Hollander
        One of her attorneys

Eugene K. Hollander
Paul W. Ryan
**The Law Offices of Eugene K. Hollander**
33 N. Dearborn
Suite 2300
Chicago, IL 60602
(312) 425-9100

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| EVELYN BENDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 04 C 7326 |
| v. ) | |
| ) | Judge Der-Yeghiayan |
| BELLOWS & BELLOWS ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he caused copies of the foregoing **Plaintiff's Motion in Limine to Bar Alleged Prior Acts of Plaintiff** to be served upon the counsel of record through the United States District Court for the Northern District of Illinois's ECF System on this 16th day of March, 2009.

By: /s/ Eugene K. Hollander
One of Her Attorneys

Eugene K. Hollander
Paul W. Ryan
**The Law Offices of Eugene K. Hollander**
33 N. Dearborn
Suite 2300
Chicago, IL 60602
(312) 425-9100

5