IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EVELYN BENDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04 C 7326 |
| | ) | |
| BELLOWS & BELLOWS, P.C., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Evelyn Benders' (Benders) motions in limine. This matter is also before the court on Defendant Bellows & Bellows, P.C.'s (B&B) motions in limine. For the reasons stated below we grant in part and deny in part Benders' motions in limine. We also grant in part and deny in part B&B's motions in limine.

## BACKGROUND

Benders alleges that she is an African-American female who began working for B&B in 1996 as a legal administrator. Benders alleges that after she was

demoted and replaced by a younger Caucasian female, she filed a charge with the Equal Employment Opportunity Commission (EEOC) on February 17, 2004, and also made other threats to report B&B to the Internal Revenue Service (IRS). According to Benders, after she filed her EEOC charge alleging race and age discrimination, Joel Bellows, the owner and president of B&B became hostile towards Benders and made her working conditions difficult. Benders alleges that on April 20, 2004, her employment was terminated by the firm, allegedly in retaliation for bringing the EEOC charge and for making the threat to report B&B to the IRS.

Benders brought the instant action (*Benders I*) on November 12, 2004, and includes in her corrected second amended complaint a claim for retaliation in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.*, a claim under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*, and a retaliatory discharge claim. On November 7, 2005, Benders sought leave to file a third amended complaint to add a claim alleging sex discrimination in violation of Title VII. This court denied Benders leave to file a third amended complaint as untimely, and on January 19, 2006, Benders filed a separate *pro se* action claiming sex discrimination in violation of Title VII (*Benders II*)(Case No. 06 C 324). On January 24, 2006, we granted B&B's motion for summary judgment on all claims in *Benders I* and on May 12, 2006, the court dismissed the action in *Benders II* for failure to state a claim.

On February 12, 2008, the Seventh Circuit issued an opinion affirming this court's grant of B&B's motion for summary judgment on the ERISA claim, but

2

reversing the grant of B&B's motion for summary judgment on the Title VII and state retaliatory discharge claims in *Benders I*. The Seventh Circuit also affirmed the dismissal of *Benders II*. The Seventh Circuit remanded the action for further proceedings on the two remaining claims in *Benders I*. The court has scheduled a date for trial on the remaining claims in *Benders I*, and both parties have filed the instant motions in limine.

## DISCUSSION

I. Benders' Motions in Limine

Benders has filed a total of six motions in limine. However, two of the motions, (1) Benders' motion to "Exclude Irrelevant and Prejudicial Evidence," (Doc. No. 138), and (2) Benders' motion to "Bar Evidence or Testimony Concerning Prior Litigation," (Doc. No. 147), seek exactly the same relief and will be treated as a single motion. Furthermore, with respect to two of Benders' motions, B&B has filed no opposition and has not otherwise raised an objection to either motion. The first is Benders' motion to "Bar Evidence or Testimony Concerning the EEOC's No Cause Finding," (Doc. No. 146), seeking to bar evidence of the EEOC's no cause finding with respect to both of Benders' discrimination charges filed with the EEOC. The second is Benders' motion to "Bar Evidence or Testimony Concerning the Court's Ruling on Plaintiff's ERISA Claim and the Subsequent Seventh Circuit Ruling," (Doc. No. 148), seeking to bar evidence relating to this court's grant of summary judgment on Benders' ERISA claim and the Seventh Circuit's affirmance of that

ruling. The court agrees that with respect to both motions the evidence should be excluded as irrelevant and the court grants both motions without objection from B&B. Therefore, there are a total of three contested motions in limine filed by Benders.

### A. Motion to Exclude Evidence of Prior Wage Claim

Benders seeks to bar all evidence relating to a prior wage discrimination case that Benders brought against a former employer fourteen years ago. Benders argues that the prior claim has no relevance to the instant action and that the facts of the prior case were vastly dissimilar. Benders argues that B&B's only purpose for presenting such evidence is the inadmissable purpose of showing Benders' litigiousness or propensity to file discrimination lawsuits. B&B argues that evidence of Benders' prior claim is relevant to show that Benders had the knowledge and wherewithal to "manufacture" her legal claims against B&B. (Ans. 2). B&B further argues that since the prior case and the instant action both included ERISA claims, the actions are sufficiently similar and that the prior case can be used to show that Benders purposefully manipulated the circumstances of her termination to support a claim for retaliation.

We agree with Benders that evidence of the prior wage case is not relevant to the instant action, particularly in light of the fact that the prior case was filed years before Benders came to work for B&B and the prior case did not involve B&B in any way. Benders' knowledge of ERISA or Title VII law is not an issue of fact in

this case. We also agree with Benders that, to the extent that such evidence has any relevance in the instant action, the limited probative value of such evidence is substantially outweighed by the danger of unfair prejudice associated with painting Benders as litigious. Thus, such evidence would also be barred under Federal Rule of Evidence 403 (Rule 403). Therefore, we grant Benders' motion in limine to bar evidence of Benders' prior wage discrimination case.

### B. Motion to Exclude Testimony Regarding Unemployment Benefits

Benders moves to bar any evidence relating to the fact that Benders collected unemployment compensation after her employment was terminated by B&B. Benders argues that such evidence is not relevant with respect to any issue including the calculation of actual damages. Benders cites to the "collateral source rule," which generally does not allow deduction of benefits received from a third party from awards of actual damages in employment cases. *Perry v. Larson*, 794 F.2d 279, 286 (7th Cir. 1986). As the Seventh Circuit has stated "[t]he purpose of the collateral source rule is 'not to prevent the plaintiff from being overcompensated but rather to prevent the tortfeasor from paying twice.'" *Flowers v. Kmatsu Min. Systems, Inc.*, 165 F.3d 554, 558 (7th Cir. 1999)(quoting in part *Perry*, 794 F.2d at 286). As such, unemployment benefits received by Benders from a non-party would not be relevant towards a jury's calculation of damages.

In opposition to Benders' motion, B&B argues that Benders' collection of post-termination unemployment compensation is relevant both with respect to the

issue of damages and the issue of liability. With respect to damages, B&B argues that even though unemployment compensation is not generally deducted from Title VII damages awards, the court nonetheless retains discretion to reduce a damages award. As an initial matter, the Seventh Circuit in *Perry* stated that "[u]nemployment compensation is a source of funds independent to the transaction giving rise to the claim and is thus collateral" and that a defendant "cannot benefit simply because the state has provided a means of helping those who are out of work, justly or unjustly." 794 F.3d at 286. Furthermore, even if B&B is correct that there is a basis in this case for the court to reduce a potential damages award by unemployment compensation received, B&B has not shown why such evidence must be presented to the jury and why the issues cannot be dealt with in a post-trial motion.

With respect to liability, B&B argues that evidence of Benders' collection of unemployment compensation is relevant to the issue of precisely when Benders was terminated in this case. Specifically, B&B argues that it intends to show that in January 2004, Benders requested that Joel Bellows make her an official employee of the firm so that she could receive unemployment compensation when she was terminated. B&B argues that such evidence would go to prove that Benders was aware that the decision to terminate her had already been made. However, the issue of whether Benders wanted to be made an official employee so that she would eventually be able to receive unemployment compensation is unrelated to the fact that Benders collected unemployment benefits. The ability to collect unemployment

6

compensation is based upon prior employment status or classification. The actual collecting of unemployment compensation has nothing to do with awareness on Benders' part at an earlier date that a decision to terminate her had been made. We agree with B&B that requests made by Benders to become an official employee of the firm could have probative value with respect to the disputed issue of the date that Benders knew of her termination. However, B&B has not shown that the fact that Benders did in fact collect such unemployment compensation is relevant to any issue of fact in the case. Furthermore, any probative value associated with evidence that Benders collected unemployment benefits is substantially outweighed by the danger of potential prejudice. Therefore, we grant Benders' motion in limine with respect to evidence that Benders, in fact, collected unemployment benefits after she was terminated. However, this ruling does not apply to evidence that Benders made efforts to become an official employee of the firm prior to her termination so that she could receive post-employment benefits.

### C. Motion to Bar Alleged Prior Acts

Benders seeks to bar any testimony relating to prior bad acts of Benders. There are two specific prior acts that Benders seeks to bar: (1) evidence that Benders allegedly smoked marijuana and (2) all evidence relating to alleged performance deficiencies including evidence that Benders made an error in billing that resulted in the loss of 1400 billable hours to the firm. With respect to the first part of Benders' motion, B&B indicates that it has no objection to the motion and has no intention of

introducing any evidence of Benders' alleged marijuana usage. With respect to performance deficiencies, however, B&B argues that the claims at issue turn on B&B's motivation for terminating Benders and Benders' job performance throughout her tenure at B&B is highly relevant and a necessary part of B&B's defense to Benders' retaliation claims.

We agree with B&B that evidence of Benders' job performance both before and after 2003 is relevant and that the probative value of such evidence is not substantially outweighed by the danger of unfair prejudice. Benders has also objected to such evidence on the grounds that B&B lacks a proper foundation. However, we also agree with B&B that such an argument with respect to foundation is premature and Benders may raise such an objection at trial. Therefore, we grant Benders' motion in limine to the extent that it seeks to bar evidence of Benders' prior marijuana use, but we deny Benders' motion in limine to the extent that it seeks to bar evidence relating to Benders' job performance.

II. B&B's Motions in Limine

B&B has filed two motions in limine, both of which are contested by Benders.

A. Motion to Exclude Irrelevant and Prejudicial Evidence

B&B moves to exclude any evidence or reference to the fact that Benders and Joel Bellows had a consensual sexual relationship for several years while Benders was employed at B&B. B&B argues that the evidence of the relationship between

Benders and Joel Bellows has no relevance to either of Benders' pending claims and that the only purpose of such evidence would be to humiliate Joel Bellows and his wife Laurel Bellows, also a partner at B&B, and to prejudice the jury. Benders argues that there is some dispute as to the date that the relationship ended, with Benders suggesting it ended in late 2003, and that the relationship provides the backdrop for Benders' claims, particularly in light of the fact that the relationship allegedly lasted more than five years. Benders points out that the evidence will show that Benders was treated very differently than other independent contractors when she worked for B&B and evidence of the relationship will explain such favorable treatment while she was working there. Benders also points out that such evidence would also be admissible as impeachment evidence in the event that Joel Bellows or Laurel Bellows testifies at trial as to Benders' alleged employment deficiencies. Finally, Benders points out that the relationship is directly relevant to Benders' retaliatory discharge claim since Benders alleges that she was fired based on her threat that she would report to the IRS the fact that gifts given to her under the auspices of her relationship with Joel Bellows were claimed by B&B to be taxable income.

    We disagree with B&B's contention that the relationship between Benders and Joel Bellows is entirely irrelevant and not admissible. B&B is correct that Benders' Title VII retaliation claim relates to her filing of an EEOC charge and the relationship between Benders and Joel Bellows has little relevance with respect to that claim only. However, the relationship is much more relevant to Benders'

retaliatory discharge claim and such evidence goes directly to the motive behind the discharge after Benders threatened to report B&B to the IRS. We also agree with Benders that evidence of the relationship would be relevant to show bias on the part of certain witnesses in the event that testimony is elicited to show that Benders was a sub-par employee. Finally, we agree with Benders that even to the extent that the relationship is not a central element of certain claims, the relationship is too intertwined with the facts of the case to be barred wholesale and is necessary to an extent to put Benders' claims in context.

Notwithstanding our conclusion that evidence relating to the existence of the relationship should not be barred, we do agree with B&B that evidence of the relationship should be limited in scope only to areas where it is relevant. This is not a sex discrimination or a sexual harassment case, but rather a retaliation case and this will not be a trial about the relationship between Benders and Joel Bellows. Presentation of evidence of the relationship should be limited to evidence that such a relationship existed, evidence that the relationship was consensual, evidence regarding the alleged time period during which the relationship existed, and any other facts about the relationship that are strictly necessary to explain a disputed issue in the case, such as evidence relating to the alleged reasons why Joel Bellows provided gifts to Benders which were later claimed to be income by B&B. We also agree with B&B that, to the extent that the relationship is made known to the jury, counsel for B&B should be permitted to remind the jury that Benders has no claim for sex discrimination or sexual harassment. We find that the probative value of such

evidence, if elicited in this narrow respect, would not be substantially outweighed by a danger of unfair prejudice. Therefore, we deny B&B's motion in limine to bar evidence of the relationship and find that evidence of the relationship may be allowed within the strict parameters indicated above.

### B. Motion to Exclude Untimely Disclosed Witnesses

B&B moves to exclude witnesses which they claim were not timely disclosed. B&B argues that the parties were required by the court to exchange lists of proposed witnesses by Friday February 6, 2009. According to B&B, Benders provided an initial list of seven proposed witnesses the following Monday, February 9, 2009, and an amended proposed witness list, which included 21 proposed witnesses two days later, on February 11, 2009. B&B does not object to the initial proposed witnesses list but argues that all of the witnesses that were added to the amended proposed witness list should be barred due to the fact that they were provided three business days after the court's deadline. B&B also argues that with respect to most of the additional witnesses provided on the amended proposed witness list, B&B has not had the opportunity to conduct discovery with respect to these witnesses and would be prejudiced if they were called at trial.

In opposition to the motion, Benders points out that both of the proposed witness lists were provided during the time period when the previous counsel that represented Benders was withdrawing from the case and that such explains the slight delay in disclosing the proposed witness list. Furthermore, Benders states that after

revisiting the amended proposed witness list, she now intends to only call two of the additional witnesses on the amended proposed witness list. Therefore, we deny as moot B&B's motion with respect to the remainder of the witnesses that Benders does not intend to call.

One of the two additional witnesses that Benders does intend to call, Saddie Bastanipour (Bastanipour), is a former bookkeeper at B&B, has previously been properly disclosed to B&B, has been deposed in the case, and B&B indicates that, in the event the court is not inclined to bar the witnesses for failure to comply with the scheduling order, B&B has no other objection to her introduction. We find that the late disclosure of that witness was harmless and we deny B&B's in limine motion with respect to Bastanipour.

The second additional witness, Tiffani Edwards (Edwards), is a former receptionist at B&B who was admittedly not properly disclosed by Benders pursuant to Federal Rule of Civil Procedure 26(a) (Rule 26(a)). Rule 26(a)(1) requires each party to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information–along with the subjects of that information–that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(I). The Seventh Circuit has held that in the absence of a "'substantial justification,'" evidence that is not properly disclosed should be barred from use at trial unless the failure to disclose was harmless. *Jenkins v. Bartlett*, 487 F.3d 482, 488 (7th Cir. 2007)(quoting Fed. R. Civ. P. 37(c)(1) & advisory committee's note)); *see also*

*Musser v. Gentiva Servs.*, 356 F.3d 751, 758 (7th Cir. 2004)(stating that "[t]he exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless"). The burden is on the offending party to justify non-disclosure or to show that non-disclosure was harmless. *Id.* In this case, Benders acknowledges that Edwards was not properly disclosed pursuant to Rule 26(a) and Benders has further failed to point to any information that would indicate the failure to make such a disclosure was either justified or harmless. We agree with B&B that it has not been given sufficient notice to enable B&B to conduct sufficient discovery and that it would be prejudiced by the introduction of Edwards as a witness. Therefore, we grant B&B's motion in limine to bar with respect to Edwards.

## CONCLUSION

Based on the foregoing analysis, we grant Benders' motion to bar evidence or testimony concerning the EEOC's No Cause finding and Benders' motion to bar evidence or testimony concerning the court's ruling on Benders' ERISA Claim and the subsequent Seventh Circuit ruling, which have not been contested by B&B. We also grant Benders' motion to exclude evidence of her prior wage claim, Benders' motion to exclude testimony regarding unemployment benefits, and Benders' motion to bar alleged prior acts with respect to evidence of marijuana usage, but deny that motion with respect to evidence of Benders' work performance. We deny B&B's motion to exclude irrelevant and prejudicial evidence of the relationship between

Benders and Joel Bellows with the instructions stated above. Finally, we grant B&B's motion to bar with respect to witness Edwards, we deny B&B's motion to bar with respect to witness Bastanipour, and we deny as moot B&B's motion to bar with respect to the remainder of the proposed witnesses.

                                      _____
                                      Samuel Der-Yeghiayan
                                      United States District Court Judge

Dated: April 29, 2009