IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JUN 11 2009
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| EVELYN BENDERS, ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 04 C 7326 |
| BELLOWS AND BELLOWS, ) | 04cv7326 |
| ) | Judge Der-Yeghiayan |
| Defendant ) | |

## PLAINTIFF EVELYN BENDERS MOTION TO REOPEN CASE RE SETTLEMENT ISSUES PERTAINING TO DISPURSEMENT OF FUNDS

Plaintiff, Evelyn Benders, moves this court under Fed. R. Civ. P. 13(e) for leave to file request to freeze settlement disbursements under issues regarding disbursement of funds are settled.

I signed a retainer agreement (Exhibit A) with attorney Eugene Hollander just moments before we were due in court on February 19, 2009. Hollander's retainer agreement is very ambiguous and states that "he would receive 40% of any underlying amount realized from said claim". It does not specifically state that I would be responsible for paying attorneys' liens, nor was this explained to me. Mr. Hollander did not send me a copy of the agreement and I did not see it again until the day of settlement, which was May 21, 2006.

At the settlement conference on Thursday, May 21, 2009 I signed the Settlement Agreement which stipulated that attorneys' liens were to be paid out of my portion of the settlement. I did not fully understand the ramifications of this and I trusted that my attorney was acting within the law. And, I only viewed the settlement agreement for all of 5 minutes before we had to sign it and get it over to your office before the end of the day. My attorney failed to send me a copy of the Settlement Agreement and I did not see it again until today, June 10, 2009.

Just recently I became aware that attorney's liens are paid out by the final attorney out of his share of the awards. According to the Illinois Attorneys Lien Act:

"The total amount of all liens shall not exceed 30% of the sum paid or due the injured person. All attorneys shall share proportionate amounts within this statutory limitation." (Illinois Compiled Statutes, 770 ILC 5/).

My attorney's agreement is 40%; with the additional liens this takes me well over the statutory limit of 30%.

I believe that, as written, the Settlement Agreement is invalid since it is in violation of the Illinois statute.

WHEREFORE, Plaintiff requests leave to file the Motion to Reopen Case re Issues Pertaining to Disbursement of Funds. Plaintiff request that court suspend disbursements until this matter can be resolved. Plaintiff also request that the Settlement Agreement be revised so that it is in compliance with Illinois law.

Respectfully Submitted
Evelyn Benders
Pro Se

## CERTIFICATE OF SERVICE

I Evelyn Benders, hereby certify that I served the foregoing Plaintiffs Motion to Reopen Case Re Settlement Issues Pertaining To Disbursement of Funds Only on the following named parties by facsimile and United States, with proper postage affixed, before 5:00 on May 11, 2009 before 5:00 p.m.

Christopher S. Moore
Novack and Macey LLP
100 N. Riverside Plaza
Chicago, Illinois 60606

Eugene Hollander
Hollander and Associates
33 N. Dearborn, Suite 2300
Chicago, Illinois 60602

*Evelyn Benders* (signature)

Evelyn Benders
8 S. Raynor
Unit 3
Joliet, Illinois 60346
815-582-4307

## ATTORNEY-CLIENT AGREEMENT

I hereby retain and employ The Law Offices of Eugene K. Hollander to represent me in connection with my claims of discrimination and retaliation arising out of my employment with Bellows and Bellows, P.C.

In consideration for the legal services rendered by The Law Offices of Eugene K. Hollander, I agree to pay said attorneys the sum of forty (40%) percent of any underlying amount realized from said claim, **in addition to** any attorneys fees awarded to me in connection with my claim.

I further agree to pay any costs and expenses reasonably incurred in the prosecution of this claim, including those set forth on the attached Costs and Expense Detail, and authorize The Law Offices of Eugene K. Hollander to make said reasonable expenditures believed by said firm to be necessary in connection with the investigation, preparation or prosecution of this claim.

In the event that Mr. Hollander subsequently determines after an investigation that my claim lacks merit, or that my damages are nominal (for reasons such as, but not limited to, the acquisition of comparable employment), Mr. Hollander may withdraw from representing me, and I will not contest said withdrawal.

I understand that I will continue to be billed monthly for all expenses as described above.

I also agree to cooperate fully in any way reasonably necessary in said attorney's judgment, to develop fully said claim or prepare it for litigation or for trial. Such cooperation may include my active participation in investigating and transmitting it to the appropriate parties.

Any notices may be sent to The Law Offices of Eugene K. Hollander, at the address then listed with the Illinois Supreme Court.

AGREED to on 2/19, 2009.

By: *Evelyn Bender*
Client

I hereby agree to the above and to make no settlement without consent of claimant.

By: *Eugene Hollander*
The Law Offices of Eugene K. Hollander

Attachment A

1

## COSTS AND EXPENSE DETAIL

The following detail is a non-exhaustive list of the in-house costs that may be incurred during the prosecution of your claim, and are subject to change from time to time without notice. Other costs not set forth below may be incurred, including, but not limited to: filing fees, court reporters and transcripts, and expert witnesses.

| Item | Charge |
|---|---|
| Photocopies | .25 per page |
| Lexis Research | $60.00 per session |
| Jury Verdict Research | $50.00 per search |
| Access Plus Search | $15.00 per search |
| Autotrack Investigative Search | $30.00 per search |
| Facsimile Transmission | $2.00 for incoming and outgoing |
| Long distance telephone | as incurred |
| Messenger | $15.00 or as incurred |
| Postage | as incurred |
| Mileage | .60 per mile |
| Parking and tolls | as incurred |

AGREED TO: _Evelyn Bender_

Dated: _2/19/09_